```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

JENNIFER G. WILLIAMS,

      Plaintiff,              CIVIL ACTION NO. 10-13650

  v.

                              DISTRICT JUDGE AVERN COHN

                              MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant remained capable of performing a restricted range of sedentary work.

                        \*    \*    \*

Plaintiff filed an application for Social Security Disability Insurance benefits on February 28, 2006, alleging that she had been disabled and unable to work since August 1, 2004, at age 55, due to back and left knee pain. Benefits were denied by the Social Security Administration. A requested *de novo* hearing was held on August 26, 2008, before Administrative Law (ALJ) Judge Michael F. Wilenkin. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work. The Appeals Council declined to review that decision and Plaintiff

commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 59 years old at the time of the administrative hearing. She had been graduated from high school, and had been employed as an assistant bank manager during the relevant past (TR 26-27, 29). This job required her to sit or stand for most of the work day; frequently bend and reach over her head; and lift upward of 30 pounds on a regular basis (TR 29). Claimant was laid off in 2003, but she alleged that she became disabled in August 2004, due to severe back and knee pain (TR 31). The pain prevented her from sitting, standing or walking for prolonged periods. Pain medications proved ineffective. She stated that pain, swelling and stiffness in her left knee prevented her from doing any bending (TR 35-36). The claimant depended on family members to help with household chores (TR 38).

A Vocational Expert (VE), James Fuller, classified Plaintiff's past work as light, skilled activity (TR 42). The witness stated that the claimant's acquired skills as an assistant bank branch manager readily transferred to sedentary work. The VE testified that these acquired skills (in accounting, bookkeeping and accounts receivable/payable) could be transferred to sedentary work without vocational adjustment (TR 42). The VE indicated that there would be no jobs that claimant could perform if her testimony

were found to be fully credible[1] (TR 43). If she were capable of sedentary work, there were numerous bookkeeping and accounts payable/receivable jobs that Plaintiff could perform (TR 45). These sedentary positions did not require the frequent lifting of more than 10 pounds, and they did not involve any repetitive climbing stooping, squatting or kneeling. (TR 43).

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of left knee osteoarthritis and a meniscal tear, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's impairments precluded her from performing jobs requiring prolonged standing/walking or the lifting of more than 10 pounds frequently. The Law Judge further determined that Plaintiff was incapable of climbing stairs, but found that she retained the residual functional capacity to perform a reduced range of sedentary work within those limitations.

Plaintiff argued, through counsel, that substantial evidence did not exist on the record that she remained capable of such sedentary work. She claims that she did not acquire transferable work skills that would allow her to perform the sedentary jobs identified by the VE without significant vocational adjustment. Defendant countered that the claimant retained the

---

[1]The VE stated that Plaintiff's alleged need to elevate her leg for up to seven hours a day would preclude her from performing substantial gainful activity (TR 43).

residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the severity of her left leg pain.

**APPLICABLE LAW AND STANDARD OF REVIEW**

The claimant has the burden of proving that she is disabled within the meaning of the Social Security Act. <u>Tyra v. Secretary of Health and Human Services</u>, 896 F.2d 1024, 1028 (6th Cir. 1990). Proof of an impairment alone is insufficient, and plaintiff must establish that the impairment precludes any substantial gainful activity. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 366-67 (6th Cir. 1984). To ensure the proper evaluation of disability claims, the Commissioner promulgated a five step sequential evaluation process, briefly summarized as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of

> his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§404.1520; 20 C.F.R. 416.920. <u>Garcia v. Secretary of HHS</u>, 46 F.3d 552, 554 n.2 (6th Cir. 1995). <u>See</u> <u>Preslar v. Secretary of HHS</u>, 14 F.3d 1107, 1110 (6th Cir. 1994). Throughout the evaluation process, the burden of proof remains on the claimant to show that she is not working, that she has a severe impairment or combination of impairments, and that the impairment prevents her from performing past relevant work. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987). "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." <u>Preslar</u>, 14 F.3d at 1110. "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy." <u>Id</u>.

If the Commissioner dispositively finds that the claimant is disabled or not disabled at any point in the five step process, he does not proceed further. The Commissioner's findings, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). In evaluating the evidence, special deference is due the Commissioner's credibility determinations. <u>Hardaway v. Secretary of Health and Human Services</u>, 823 F.2d 922, 928 (6th Cir. 1987); <u>Beavers v. Secretary of Health, Education and Welfare</u>, 577 F.2d 383, 387 (6th Cir. 1978) (citations omitted). The decision of the Commissioner must be

upheld if supported by substantial evidence, even if the record might support a contrary decision.  <u>Smith v. Secretary of Health and Human Services</u>, 893 F.2d 106, 108 (6th Cir. 1989).

**DISCUSSION AND ANALYSIS**

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and disabling knee pain. Claimant does not challenge the ALJ's assessment that she remains physically and mentally capable of performing sedentary work. She instead maintains that she does not possess the transferable skills that would allow her to perform the sedentary jobs identified by the VE without significant vocational adjustment.

If a claimant is of advanced age (55 or more), and is limited to sedentary work, Social Security regulations mandated that the her skills must be transferable to skilled or semi-skilled work. That work must be so similar to her previous work that the claimant would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. 20 C.F.R. Subpart P, Appendix A 201.00 (transferability of skills); Weaver v. Secretary of Health and Human Services, 722 F.2d 310, 311 (6th Cir. 1983).

The relevant inquiry is not whether claimant's previous work was identical to the jobs identified by the vocational expert, but rather whether the work is so similar to her previous work that she would need to make very little, if any, vocational adjustment. Brown v. Secretary of Health and Human Services, 893 F.2d 821, 822-823 (6th Cir. 1990). In the instant case, the ALJ properly relied

7

on vocational expert testimony to successfully meet his step five burden of proving that substantial numbers of sedentary jobs exist in the national economy for claimant to perform, given her age, educational level and transferable skills.

According to the testimony of the VE, Plaintiff acquired transferable skills as an assistant bank branch manager that would allow her to perform accounting and bookkeeping clerical work[2] (TR 42). The VE added that the work she previously performed for the bank was so similar to the work of bookkeeper and accounts clerks that no vocational adjustment would be needed to effectuate such a transfer (TR 42). The court is satisfied that substantial evidence supports the ALJ's finding that Plaintiff acquired skills as an assistant bank manager that were readily transferable to other sedentary jobs.

Contrary to Plaintiff's assertion, the medical evidence created and submitted exclusively to the Appeals Council was not new nor material, so as to justify a remand for further administrative action[3]. The claimant has failed to demonstrate that the evidence concerning her spinal condition would have caused

---

[2]While Plaintiff now maintains that her work as an assistant bank manager was not focused on bookkeeping or accounts work, she testified that she worked in the bookkeeping department of the bank (TR 28-29). She also told the SSA in a disability report that her job title with the bank was "bookkeeping" (TR 79-80).

[3]In order to satisfy the materiality requirement for a sentence six remand, Plaintiff must show that there was a reasonable probability that the ALJ would have reached a different conclusion on the issue of disability if he had been presented with the evidence prior to his decision. <u>Sizemore v. Secretary</u>, 865 F.2d 709, 711 (6th Cir. 1988).

the ALJ to reach a different disposition of her claim (TR 192-231). A remand pursuant to sentence six of the Social Security Act is not warranted.

The evidence is not material because it is not clear that she developed her back condition prior to the ALJ's decision. See <u>Oliver v. Secretary of Heath and Human Services</u>, 804 F.2d 964, 966 (6th Cir. 1986)(evidence is not material if it does not reveal further information regarding a claimant's abilities as of the date of the Agency's decision).  While Plaintiff testified that she experienced severe back pain, the medical record before the ALJ did not support the existence of any medically determinable spinal impairment or corresponding neurological condition.  As pointed out by the ALJ, the medical record revealed no treatment or complaints of back pain prior to his decision (TR 14-15).

Although the ALJ found that the record did not support the existence of a medically determinable spine impairment, he did give claimant's testimony regarding such complaints some benefit of the doubt.  The ALJ asked that the VE consider "a certain amount of pain and discomfort in the low back" (TR 44).  Consequently, a remand is not appropriate in this case because Plaintiff has failed to demonstrate that the evidence submitted to the Appeals Council concerning her back condition would not have caused the ALJ to reach a different disposition of the case.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.

Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                    <u>s/ Mona K. Majzoub</u>
                    **MONA K. MAJZOUB**
                    **UNITED STATES MAGISTRATE JUDGE**

**Dated: July 22, 2011**