UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER G. WILLIAMS

       Plaintiff,                                       Case No. 10-13650

v.                                                       HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY

       Defendant.
_____/

**<u>MEMORANDUM AND ORDER REJECTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**
**<u>DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT</u>**
**<u>GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND</u>**
**<u>REMANDING THE CASE UNDER 42 U.S.C. §405(g)</u>**

I.      Introduction

This is a social security case. Plaintiff Jennifer G. Williams appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits. Williams claims disability since August 1, 2004 due to arthritis in her left knee and hip, and depression.

The parties filed cross motions for summary judgment. Williams asked for a reversal of the decision of the commissioner or in the alternative a remand to consider new evidence. The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Williams' motion for summary judgment be denied and that the Commissioner's motion be granted (Doc. 16). Williams filed timely objections to the MJRR. For reasons that follow, the Court will

reject the report and recommendation of the MJ, deny the commissioner's motion for summary judgment, grant in part and deny in part plaintiff's motion for summary judgment and remand the matter pursuant to "sentence six" of 42 U.S.C. §405(g).[1]

## II.  Background

### A.  Facts

The MJRR sets forth the facts, many of which are repeated here.  Williams' brief also thoroughly details the progression of her medical issues, beginning with a fall and a sprained ankle in 2005 and culminating in back surgery in 2009.  Williams applied for disability benefits February 28, 2006, alleging that beginning on August 1, 2004 she was disabled due to arthritis in her left knee and hip; the Social Security Administration (SSA) denied Williams' claim.  Williams then requested a hearing before an Administrative Law Judge (ALJ).  After a hearing on August 26, 2008 the ALJ issued a decision denying benefits, finding that Williams was not disabled and concluding that she could perform a restricted range of sedentary work.  The ALJ found Williams could work in a job which did not require prolonged standing, lifting of more than ten pounds, or climbing stairs.  Further, the vocational expert (VE) testified that Williams had transferrable skills from her 30 years as an assistant manager in a bookkeeping department of a bank.  The VE also testified that Williams could perform work in accounting or as an accounts payable/ receivable clerk with little or no vocational adjustment.

---

[1] The term sentence six is literal. The sixth sentence of 42 U.S.C. §405(g) provides in relevant part: "and [the Court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

Among the many health problems raised at the hearing, Williams complained of back and lower extremity pain during the hearing. The ALJ, however, determined that the medical record did not support a finding of impairment based on her reported back pain. Prior to the decision, the ALJ noted that Williams had never sought treatment or complained to a physician of back pain. Several months after her hearing, Williams underwent an MRI of the lumbar spine. This test identified, among other things, bi-level degenerative disc disease, disc displacements, and a cynovial cyst compressing a nerve root. Williams underwent back surgery in 2009 to remove the cyst. Williams submitted documentation of her back conditions to the Appeals Council (AC). The AC, however, declined to review the decision of the ALJ. Williams commenced the instant action for judicial review of the denial of benefits.

### B. MJRR Objections

Williams objects to the MJRR on the same grounds she objected to the decision of the ALJ. First, she states that the MJ erred in finding substantial evidence on the record that Williams could perform substantial gainful activity. Specifically, that she lacked transferrable vocational skills. Second, she says that new evidence of disability should have been considered by the Appeals Council. Williams petitions this Court to reverse the ALJ's decision, or in the alternative, to remand for review of the new medical documentation.

### III. Standard of Review

Judicial review of a Social Security disability-benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal

standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed *de novo.* 28 U.S.C. § 636(b)(1)(c); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

IV. Discussion

A. First Objection: Substantial Evidence Did Not Exist That Williams Possessed Transferable Vocational Skills

The ALJ accepted the determination that Williams could no longer complete past relevant work. The burden then shifted to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, she can perform. The Commissioner can meet this burden by relying on the testimony of a vocational expert. 20 C.F.R. §§ 416.912, 416.920; Jones v. Apfel, 190 F.3d 1224 (11th Cir. 1999).

The VE testified at the administrative hearing that Williams possessed transferable skills. Williams is of advanced age (over 55) which means that any new position must involve very little, if any, vocational adjustment of "tools, work processes, work settings, or the industry." 20 C.F.R. Subpart P, Appendix A 201.00; Weaver v. Sec'y of Health and Human Serv., 722 F.2d 310, 311 (6th Cir. 1983). Specifically, the VE found that she could work as an accounts payable/receivable clerk or bookkeeper with minor vocational adjustment. Williams disputes this determination. She contends that her 30 years as an assistant manager of a bank bookkeeping department do not qualify her to work as a bookkeeper. She argues because her job description did not involve bookkeeping a switch to bookkeeping would require substantial vocational adjustment.

This Court reviews the decision of the ALJ to determine whether there was substantial evidence to support his findings and whether the ALJ applied the correct legal standards. 42 U.S.C. §405(g); *see also* Walker v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). Williams indicated that her duties as assistant manager of an account reconciliation department required her to train, cross-train, and evaluate her employees. It was reasonable for the ALJ to conclude that someone with the skills to train, guide, and evaluate employees can perform their job herself with little or no adjustment. Although Williams now objects to the characterization of her past work, she described her job before and during the hearing as "bookkeeping." If there was confusion as to her past relevant work, Williams failed to correct it. In any event, her case does not turn on this distinction. The record reflects substantial evidence to indicate that she could work as a bookkeeper or account receivable/ payable clerk.

5

B.  Second Objection: Determination That New Evidence Submitted to Appeals Council Was Not New or Material

Williams next contends that the Appeals Council (AC) should have ordered consideration of the evidence of her spinal condition because it was new, material, and previously unavailable.  The AC may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that good cause exists for the failure to include such evidence into the record in the prior proceeding."  Hollon ex. rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006).  After her hearing and denial of benefits before the ALJ, Williams submitted medical evidence to the AC related to a recent diagnosis of degenerative disc disease, disc displacements, and a cyst compressing a nerve root.

1.  New and Material

To qualify for a remand to consider previously unconsidered evidence, the evidence must be new and material.  To be new, evidence must not be cumulative, duplicative or repetitive.  Vadeboncoeur v. Callahan, 976 F. Supp. 751, 54 (N.D. Ill. 1997).  To be material, evidence must be relevant and probative.  To be relevant it must relate to the period considered by the ALJ. Merrill v. Comm'r of Soc. Sec., No. H 88-52, 1999 WL 1012868 (D. Or. 1999).  To be probative, the evidence must relate to the conditions considered by the ALJ.  Woodford v. Apfel, 93 F. Supp. 2d 521 (S.D. N.Y. 2000).  Further, the new evidence must have the capacity to alter, or potentially alter, the ALJ's decision denying the claim.  Haak v. Chater, No. 94 C 7594, 1996 WL 131723 (N.D. Ill. 1996).

Williams' medical evidence was new and material.  The report of the ALJ indicated there was no medical evidence supporting an impairment based on back

6

problems. The new evidence spoke directly to the conditions considered by the ALJ, including back pain and lower extremity pain. Moreover, the Listing of Impairments includes both the conditions of a compressed nerve root and degenerative disc disease. 20 C.F.R. Pt. Subpt. P, App 1. 1.04; *see also* Soc. Sec. Admin. Listing of Impairments, No. 1.04 (available at http://ssa.gov/disability/professionals/bluebook/1.00-Musculosketal-Adult.htm#1_04). The next question is whether the new evidence is probative and relevant to her condition before or at the time of the hearing.

### A. Relevant and Probative

The AC issued a letter explaining that the medical evidence did not relate to her condition at the time of the hearing because her condition was diagnosed four months later. This fact alone cannot be dispositive. Under this reasoning the AC would almost never consider new evidence of a disability as required by 20 C.F.R. §404.976(b)(1). During her hearing, Williams complained of symptoms consistent with the conditions that were later diagnosed. Thus, the new evidence is relevant. If there is a question of when these conditions developed, it should be resolved by medical testimony. Further, the record demonstrates that the ALJ considered her symptoms, but rejected a finding of disability based on a lack of evidence. Thus, the new evidence is probative.

### B. Capacity to Alter Denial of Claim

The new evidence relates directly to symptoms considered by the ALJ. The ALJ considered Williams' claim of back pain and dismissed it as not supported by the medical evidence. He said "the claimant's allegations are disproportional to the evidence." He went on to explain that her credibility is diminished because her cessation in work was not related to her impairments. The basis for denial rested on a

lack of medical evidence and his disbelief of Williams' description of her condition. The evidence submitted to the AC contradicts both of those findings. As such it is has the capacity to alter the decision of the ALJ.

## 2.  Good Cause

A claimant must also show good cause for failure to submit the evidence during the administrative hearing. 43 U.S.C. §405(9)(g); <u>Cline v. Commissioner of Social Sec</u>., 96 F.3d 146, 148-9 (6th Cir. 1996). Williams back conditions were undiagnosed at the time of the hearing. Good cause exists when the claimant had no knowledge of the condition until a post-hearing diagnosis. <u>Geigle v. Sullivan</u>, 961 F.2d 1395 (8th Cir. 1992). Further, her tardiness was not for lack of trying to seek treatment it was for a lack of proper diagnosis.

## V.  Conclusion

The AC incorrectly applied the legal standard related to introduction of new evidence. For the reasons stated above the Court declines to adopt the MJRR, Williams' motion for a "sentence six remand" pursuant to 42 U.S.C. §405(g) is **GRANTED** and the Commissioner's motion for summary judgment is **DENIED**. The case is **REMANDED** to the commissioner for further proceedings consistent with this opinion.

SO ORDERED.

Dated:  October 4, 2011         s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 4, 2011, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160

8